UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MILAN MICHAEL KOTEVSKI,

Plaintiff,

v.

GEORGE W. BUSH, *et al.*,

Defendants.

Case No.: 2:25-cv-02212-MMD-MDC

ORDER

*Pro se* Plaintiff Milan Michael Kotevski initiated this action by filing an application to proceed *in forma pauperis* (ECF No. 1 ("IFP Application")) and a proposed complaint (ECF No. 1-1 ("Complaint")). Upon review, the Magistrate Judge found the IFP Application to be incomplete, denied the IFP Application without prejudice, and ordered that Plaintiff either: "(1) file the long form application to proceed in forma pauperis as specified in the Court's order or (2) plaintiff must pay the filing fee." (ECF No. 3 at 3.) The Magistrate Judge gave Plaintiff until December 15, 2025 to take either of the two actions or he would recommend dismissal of this case with prejudice. (*Id.*)

Since the issuance of the Magistrate Judge's order, Plaintiff has since filed many miscellaneous and duplicative motions. (*See, e.g.*, ECF Nos. 5, 6, 8.) On April 9, 2026, the Court, in response, issued an order that Plaintiff would have until May 8, 2026 to cure the identified deficiencies by either: "(1) fil[ing] the long form application to proceed in forma pauperis as specified in the Court's order or (2) [] pay[ing] the filing fee." (ECF No. 42 ("Order").) The Court warned Plaintiff that failure to timely comply would result in dismissal of this action without prejudice. (*Id.* at 2.) To date, Plaintiff has filed additional pending motions (ECF Nos. 53-57) but has failed to comply with the Order.

## I.    DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal. The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a

case but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Plaintiff complies with the Court's Order, the only alternative is to enter another order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. Therefore, the fifth factor favors dismissal.

## II.     CONCLUSION

Having thoroughly considered these factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to comply with the Court's April 9, 2026 Order.

It is further ordered that all pending motions (ECF Nos. 53-57) are denied as moot.

In light of Plaintiff's filing of frivolous motions and ignoring the Court's April 9, 2026 Order, the Court will not permit any further filings in this case. The Clerk of Court is kindly directed to strike any such filing.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 11th Day of May 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE